# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. J08-00088-DMD<br><br>DEBORAH LYNN HORNER,<br><br>Debtor. | Chapter 7<br><br>**Filed On 12/11/09** |
| DEBORAH LYNN HORNER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adversary No. J08-90020-DMD |

## MEMORANDUM REGARDING DIRECTED JUDGMENT

This adversary proceeding is an action to discharge student loans as an undue hardship under 11 U.S.C. § 523(a)(8). The ninth circuit and the district of Alaska have adopted the three part test of *Brunner v. New York State Higher Educ. Services Corp.*[1] to determine whether an undue hardship exists.[2] Under *Brunner*, the debtor must prove:

> (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion

---

[1] 831 F.2d 395 (2nd Cir. 1987).

[2] *United Student Aid Funds v. Pena (In re Pena),* 155 F. 3d 1108, 1111-1112 (9th Cir. 1998); *Alaska Comm'n on Post-Secondary Educ. v. Jester (In re Jester),* 1 A.B.R. 503, 506 (D. Alaska 1991).

>     of the repayment period of the student loans; and
>     (3) that the debtor has made good faith efforts to
>     repay the loans.[3]

The debtor has the burden of proof on the issue of undue hardship.[4]

At the close of the plaintiff's direct testimony, counsel for the United States moved for a directed judgment. The plaintiff failed to submit any evidence regarding the amount of her current expenses. She did state that her current income was $32,000.00 per year. *Brunner* requires evidence of current income and expenses. It's impossible to apply the *Brunner* criteria without current expenses. By current, I do not mean expenses arising back on February 21st of 2008, when the debtor filed for bankruptcy relief. I mean now. The plaintiff indicated that she suffers from a variety of infirmities and takes a number of prescriptive drugs. With no bottom line on her costs, however, I can't guess or speculate that she lacks the cash flow to service her student loans. There must be evidence presented. There cannot be a complete absence of proof on material issues. Nor did the plaintiff establish that she has made good faith efforts to repay the loans. She offered no evidence to support the good faith requirement of *Brunner* whatsoever. Under such circumstances, I have no choice but to grant the motion of the defendant and dismiss the plaintiff's complaint with prejudice.

DATED: December 11, 2009.

---

[3] *Brunner,* 831 F.2d at 396.

[4] *Jester,* 1 A.B.R. at 505, citing *Childs v. Higher Educ. Assistance Fund, (Matter of Childs)*, 89 B.R. 819  (Bankr. D. Neb. 1988).

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:      B. Weidner, Esq.
R. Pomeroy, Esq.
Cheryl Rapp, adv. case mgr.

12/11/09